UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY STODDARD<br>12217 Majestic Maple Dr.<br>Clarksburg (Montgomery County), MD<br>20871<br><br>        Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA, INC.<br>One Subaru Drive<br>Camden, New Jersey 08103<br><br>and<br><br>THE HERTZ CORPORATION<br>660 Madison Avenue<br>New York, NY 10021<br><br>        Defendants. | Civil Action No. _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Subaru of America, Inc. ("SOA"), by its undersigned counsel Dykema Gossett, PLLC, removes this action from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. In support of its Notice of Removal, Defendant states as follows:

1. Plaintiff Jeffrey Stoddard ("Plaintiff") commenced this action in the Circuit Court for Montgomery County Maryland by filing a Complaint with that Court, Case No. 482264-V, on or about May 15, 2020 (the "State Court Action"). A true and correct copy of the pleadings served on SOA are attached hereto as **Exhibit A** and incorporated by reference herein.

2. SOA was served with the Summons and Complaint on June 26, 2020.

3.      This removal petition is timely under 28 U.S.C. § 1446(b). SOA filed this Notice of Removal within thirty (30) days of receiving a copy of the Complaint setting forth the claims for relief upon which this removal is based.

4.      This is a civil action as to which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), and may be removed by SOA to this Court under 28 U.S.C. § 1441, *et seq.*, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is an action between citizens of different states, as demonstrated more fully below.

5.      Plaintiff is a citizen of Maryland. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In his Complaint, Plaintiff admits that he is "a resident of the State of Maryland, residing at 12217 Majestic Maple Drive, Clarksburg, MD 20871." Exhibit A, Compl. ¶1. Plaintiff's address is in Montgomery County, Maryland. For diversity purposes, Plaintiff is domiciled in the State of Maryland, and therefore, Plaintiff is properly considered a citizen of Maryland.

6.      SOA is a citizen of New Jersey. SOA is a corporation organized and incorporated under the laws of the State of New Jersey. SOA's principal place of business is located at One Subaru Drive, Camden, New Jersey. It is well-settled that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). Thus, for purposes of diversity jurisdiction, SOA is a citizen of New Jersey.

7. Upon information and belief, The Hertz Corporation ("Hertz") is a corporation organized and incorporated under the laws of Delaware with its principal place of business at 8501 Williams Road, Estero, Florida.[1]

8. Accordingly, complete diversity exists because Plaintiff is a citizen of Maryland, SOA is a citizen of New Jersey and Hertz is a citizen of Delaware and Florida.

9. According to the Circuit Court of Montgomery County online docket, The Hertz Corporation filed a Suggestion of Bankruptcy on July 15, 2020.

10. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. Although SOA denies the allegations in Plaintiff's Complaint and denies any liability to Plaintiff, Plaintiff demands $250,000, plus interest and costs, and attorney's fees for each of Count I and Count II. Exhibit A, Compl. at 6-7.

11. A Notice of Filing Notice of Removal to Federal Court (attached as **Exhibit B**) and a copy of this Notice of Removal will be promptly filed with the Circuit Court for Montgomery County, Maryland as required by 28 U.S.C. § 1446(d), and copies of the same will be promptly served upon Plaintiff and Hertz.

12. Based on the foregoing, SOA is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq*.

---

[1] The New York address in the caption derives from the Plaintiff's Complaint, but SOA's research indicates Hertz's principal place of business is in Florida. In either event, there is complete diversity among the parties.

13. SOA intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

14. This Court would have original jurisdiction over this action under 28 U.S.C. § 1332 had this action been originally filed in this Court, and the action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b) because SOA has satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

WHEREFORE, SOA respectfully requests that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

DATED: July 24, 2020

                              DYKEMA GOSSETT PLLC

By: /s/ *Terri S. Reiskin*
    Terri S. Reiskin (Bar No. 05256)
    Dykema Gossett PLLC
    1301 K Street N.W., Suite 1100 West
    Washington, D.C. 20005
    (202) 906-8600
    treiskin@dykema.com

*Attorney for Defendant Subaru of America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2020, I electronically filed the foregoing Notice of Removal and Exhibits thereto with the Clerk of the Court via ECF, and mailed a copy of the same by U.S. mail, first class, postage prepaid, to:

Tyler Jay King, Esq.
Franklin Square Law Group
700 12th Street, NW, Ste. 700,
Washington, DC 20005
Counsel for Plaintiff

Hertz Corporation
660 Madison Avenue
New York, NY 10021

/s/ *Terri S. Reiskin*
Terri S. Reiskin