UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY STODDARD<br>12217 Majestic Maple Drive<br>Clarksburg, MD  20871<br><br>    Plaintiff,<br><br>            v.<br><br>SUBARU OF AMERICA, INC.<br>2235 Route 70 West<br>Cherry Hill, NJ 08002<br><br>    And<br><br>THE HERTZ CORPORATION<br>660 Madison Ave<br>New York, NY 10021<br><br>    And,<br><br>OVERLAND WEST, INC.<br>2805 Washington Blvd.<br>Ogden, UT 84401<br><br>    Defendants. | Case No. 8:20-cv-02164-PWF<br>Judge Paul W. Grimm |

**AMENDED COMPLAINT FOR PERSONAL INJURIES**

Pursuant to Fed R. Civ. P. 15, this Court's Local Rule 103-6, and this Court's Order, Plaintiff, Jeffrey Stoddard ("Dr. Stoddard"), files this Amended Complaint against Defendants, Subaru of America, Inc. ("Subaru"), The Hertz Corporation ("Hertz"), and Overland West, Inc. ("Overland") (collectively the "Defendants"), and states as follows:

**JURISDICTION AND VENUE**

Pursuant to Md. Code §6-103, this Court has personal jurisdiction over Defendants named herein because Defendants Subaru and Hertz are national companies regularly doing business in the State of Maryland, Defendant Overland is a licensee of Defendant Hertz, and the wrongdoing alleged in the Complaint caused injuries to Plaintiff, who is, and was at the time of the injuries, a resident of the State of Maryland.  Venue is appropriate pursuant to Md. Code §6-201.

## FACTUAL BACKGROUND

1. Plaintiff is, and was at all relevant times, an adult resident of the State of Maryland, residing at 12217 Majestic Maple Drive, Clarksburg, MD  20871.

2. Defendant Subaru is company that participates in the manufacture and sale of vehicles within the United States of America, including within the State of Maryland, and operates therein, listing its resident agent as The Corporation Trust, Incorporated, with an address of 2405 York Road, Ste. 201, Lutherville Timonium, MD 20193-2264.

3. Defendant Hertz is a car rental company that operates within the United States of America, including within the State of Maryland, listing its resident agent as The Corporation Trust, Incorporated, with an address of 2405 York Road, Ste. 201, Lutherville Timonium, MD 20193-2264. Defendant Hertz's liability in this action arises from the fact that it licenses its name to Defendant Overland, which operates as the former's independent licensee.

4. Upon information and belief, Defendant Overland is a car rental and sales company operating within the United States of America that owned and rented a 2018 Subaru Outback (the "Vehicle") to Plaintiff. Defendant Overland licenses the Hertz name and

operates as an independent franchisee within the State of Minnesota where Plaintiff rented the Vehicle, and lists its resident agent as Erik J. Petersen, with an address of 2805 Washington Blvd., Ogden UT 84401.

5. On May 23, 2018, Dr. Stoddard, traveled to the Hertz location in Duluth, Minnesota, and Hertz rented the Vehicle with Takata airbags, to Mr. Stoddard.

6. Neither Hertz, its licensee Overland, nor Subaru provided any notice at all to Dr. Stoddard that the Vehicle had Takata airbags, nor that use of Vehicle would expose Dr. Stoddard to the risk associated with airbag deployments.

7. On or May 24, 2018, Dr. Stoddard was involved in a minor collision with a deer, for which a layperson could conclude that it was not reasonable for the airbags to deploy.

8. During the minor collision, the airbags deployed, and the deployment of the airbags caused a serious bodily injury to Dr. Stoddard's left hand and thumb.

9. Because the collision was minor, Dr. Stoddard immediately drove himself to the local emergency room, where he was treated for a nondisplaced fracture of the left proximal phalanx of the left thumb, laceration of the left thumb with damage to nail, and left wrist sprain.

10. Dr. Stoddard underwent surgery and treatment, and has recovered some degree of function of the thumb, but a permanent functional impairment and deformity is now apparent; and the thumb will never function as it did before the injury.

11. At the time of Mr. Stoddard's injury, Defendant Subaru knew, or should have known, or was recklessly indifferent to, the fact that its vehicles, including the Vehicle, used Takata airbags, and that Takata airbags exposed the user of the vehicles to risk of bodily injury

arising from airbag deployments and that the airbags could deploy in an obvious no-deploy event, which was apparent from prior litigation and recalls.

12. At the time of Dr. Stoddard's injury, Defendant Hertz knew, or should have known, or was recklessly indifferent to, the fact that its vehicles, including the Vehicle, used Takata airbags, and that Takata airbags exposed the user of the vehicles to risk of bodily injury arising from airbag deployments and that the airbags could deploy in an obvious no-deploy event, which was apparent from prior litigation and recalls.

13. At the time of Dr. Stoddard's injury, Defendant Overland knew, or should have known, or was recklessly indifferent to, the fact that its vehicles, including the Vehicle, used Takata airbags, and that Takata airbags exposed the user of the vehicles to risk of bodily injury arising from airbag deployments and that the airbags could deploy in an obvious no-deploy event, which was apparent from prior litigation and recalls.

14. After Dr. Stoddard returned the Vehicle to Overland, Defendants failed to safeguard the Vehicle, and Defendants are now unable to locate the Vehicle.

## Count I
**(Negligence/Personal Injury)**

15. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 14 as if fully set forth herein.

16. Defendants Subaru, Hertz, and Overland owed a duty of care to Plaintiff as a rental customer of the Vehicle, which required Defendants to exercise that degree of care and

prudence in sustaining, caring for, and maintaining vehicles, including the Vehicle, so as not to put jeopardize or put their customers at risk.

17. Defendants Subaru, Hertz, and Overland breached their duty of care to the Mr. Stoddard by failing to inform, communicate or otherwise warn the him about the existing defects in the Vehicle (the "Defects"), which Defendants were aware or should have been aware, or were recklessly indifferent to, and which were not readily observable to Dr. Stoddard.

18. Defendants Subaru, Hertz, and Overland breached their duty of care by failing to safeguard the Vehicle after the injury to Dr. Stoddard, and instead returning it to the stream of commerce, where Defendants are now unable to locate it.

19. The Defects include (a) deployment of the airbag in an obvious no-deploy event; (b) overpowered deployment causing injury during a no-deploy event; (c) not properly tethering the airbag to prevent errant deployment from the steering wheel and column under foreseeable impact conditions; (d) not properly venting the airbags to adequately deflate under foreseeable impacts; (e) not ensuring the Vehicle was reasonably crashworthy; and/or (f) not adequately testing the Vehicle's driver's airbag.

20. Defendant Subaru breached its duty of care involving the design manufacture, testing, distribution, sale, and/or advertising of the Vehicle, as follows: (a) failure to design, test, manufacture, assemble and install the driver's airbag sensors and restraints control module so as to prevent deployment of the airbag in an obvious no-deploy event; (b) failure to design, test, manufacture, assemble and install the driver's airbag inflators so as to cause them to be overpowered and cause injury during this no-deploy event; (c) failure to design, test, manufacture, assemble and install the driver's airbag so that it would be properly tethered and prevent errant deployment from the steering wheel and column

under foreseeable impact conditions; (d) failure to design, test, manufacture and install the driver's airbag so that it was properly vented, and would adequately deflate under foreseeable impacts; (e) failure to ensure the subject vehicle was reasonably crashworthy; (f) failure to adequately test the subject vehicle's driver's airbag; and/or (g) failure to provide reasonable and adequate warnings to users of the subject vehicle about its unreasonably dangerous and defective condition regarding its driver's airbag.

21. As a proximate and direct result of Defendants' negligent acts and omissions, Dr. Stoddard sustained severe personal injuries and discomforts, pain and suffering and severe emotional and mental distress and anxiety. These injuries required medical treatment and some of which are permanent in nature.

22. As a further proximate and direct result of Defendants' negligent acts and omissions, Dr. Stoddard has required to pay for said medical treatment and care.

23. As a further proximate and direct result of Defendants' the negligent acts and omissions, Dr. Stoddard had lost the ability to enjoy life and life's pleasures.

24. All the above injuries and losses Dr. Stoddard sustained were solely caused by the Defendants with no contributory negligence on Dr. Stoddard's part, as evidenced by Dr. Stoddard's medical records which clearly demonstrate that the cause of the injury to the left thumb was the airbags.

WHEREFORE, under Count I of the Complaint, Plaintiff demands judgment against the Defendant, in the amount of $250,000, plus interests and costs, attorney's fees and such other damages as this Honorable Court deems just and proper.

## Count II
### (Maryland Consumer Protection Act "MCPA")

25. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 24 as if fully set forth herein.

26. Defendants are merchants as defined by Md. Code, Commercial Law Art §13-101(g), as "a person who directly or indirectly either offers or makes available to consumers any consumer goods, consumer services, consumer realty, or consumer credit."

27. Plaintiff is a consumer, which Md. Code, Commercial Law Art. *§ 13-101(c)* defines as "an actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty, or consumer credit."

28. The MCPA prohibits a merchant from making misleading representations and prohibits a merchant from failing to state material facts, if the failure deceives or tends to deceive. *Md. Code, Commercial Law Art. §13-301*.

29. Defendants' aforementioned acts and omissions constituted unfair or deceptive trade practices, in that Defendants, by misrepresenting and withholding material information from the public, offended established public policy, and acted unscrupulously, wherein Defendants' represented the Vehicle as fit for use, and omitting that the Vehicle exposed Mr. Stoddard to substantial and serious injury, death and/or the risk thereof, because it actually contained unsafe airbags.

30. Defendants took advantage of the fact that Dr. Stoddard was not in a position to investigate, or to recognize the need to investigate, the unsafe condition of the Vehicle.

31. As a result of the aforementioned unfair or deceptive acts and omissions, upon which Dr. Stoddard relied, when he rented the Vehicle, Defendants were able to distribute and rent

the Vehicle to Dr. Stoddard, when it contained unsafe airbags, and thereby caused the actual aforementioned injuries to Mr. Stoddard.

WHEREFORE, under Count II of the Complaint, Plaintiff demands judgment against the Defendant, in actual, compensatory, and statutory damages, in the amount of $250,000, plus interests and costs, attorney's fees and such other damages as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as such.

Respectfully submitted,

/s/

Tyler Jay King, Esq.
Bar No. 200706110131
Franklin Square Law Group
700 12th Street, NW, Ste. 700
Washington, DC 20005
*Counsel for Dr. Stoddard*

**Attorney Certification**

Pursuant to Md. Rule 1-313 and in compliance with Rule 1-311, I certify that I am admitted to practice law in the State of Maryland and am in good standing.

/s/

Tyler Jay King, Esq.
MD Bar No. 200706110131
Franklin Square Law Group
700 12th Street, NW, Ste. 700
Washington, DC  20005

**Certificate of Service**

I hereby certify that on September 29, 2020, I electronically filed the foregoing via the ECF system and served the same by electronic service upon:

Terri S. Reiskin
DYKEMA GOSSETT PLLC
1301 K Street NW Suite 1100 West
Washington, DC 20005
*Counsel for Defendant Subaru of America, Inc.*

Benjamin A. Beasley
ROLLINS, SMALKIN, RICHARDS & MACKIE, LLC
 300 E Lombard Street, Ste. 900
Baltimore, MD 21202
*Counsel for The Hertz Corporation*

/s/

Tyler Jay King